IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUFUS TERRY McDOUGALD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-CV-699-WKW |
| | ) | [WO] |
| CITY OF DOTHAN POLICE, DEPT., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| RUFUS TERRY McDOUGALD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-CV-765-WKW |
| | ) | [WO] |
| CITY OF DOTHAN POLICE, DEPT., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

In the instant complaints, Rufus Terry McDougald, an inmate confined in the
Houston County Jail, challenges the constitutionality of his confinement on a criminal
charge arising from actions which occurred on July 31, 2016 at a Wal-Mart store located
in Dothan, Alabama.[1]   McDougald names as defendants the City of Dothan Police

---

[1] Entries on the case action summary sheets for McDougald's state criminal charges maintained by the
Alabama Trial Court System, hosted at www.alacourt.com, indicate that law enforcement officials
initially arrested McDougald for third-degree burglary.  These documents further establish that a grand
jury for Houston County issued an indictment against McDougald for third-degree theft of property on
May 23, 2018 for his "unauthorized control over MERCHANDISE [worth] $801.52, more or less, the

Department, along with Officer Franklin Ruiz and Investigator Erik P. Broten, both of whom are members of the Dothan Police Department.

Upon review of the complaint, the court concludes that this case is due to be dismissed prior to service under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

## II.  DISCUSSION

### A.    The Dothan Police Department

Although McDougald names the Dothan Police Department as a defendant, this department is not a legal entity subject to suit or liability. *See Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority."). *Clay-Brown v. City of Decatur*, 2013 WL 832315, *2 (N.D. Ala. Feb. 28, 2013 ("Under Alabama law, only a municipality itself has the capacity to sue and be sued, as opposed to agencies, departments or divisions of the municipality.").  Thus, the court finds that the claims presented against the Dothan Police Department are due for dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) since this defendant is not an entity subject to suit. *Howard v. City of Demopolis*, 984 F. Supp. 2d 1245, 1253 (S.D. Ala. 2013) (noting

---

property of Wal-Mart, with the intent to deprive the owner of said property, in violation of Section 13A-8-4.1 of the Code of Alabama."
[2] The court granted McDougald leave to proceed *in forma pauperis* in this case. Doc. 5.  A prisoner granted *in forma pauperis* status will have his complaint screened pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

previous determination "that police departments are not a proper legal entity capable of being sued."); *Manning v. Mason*, 2011 WL 1832539, *3 (M.D. Ala. May 13, 2011) (citations omitted) (finding "that a law enforcement department is not a legal entity capable of being sued" and dismissing claims with prejudice); *Blunt v. Tomlinson*, 2009 WL 921093, *4 (S.D. Ala. Apr. 1, 2009) ("In Alabama, a city's police department is not a suable entity or a proper party under state law or for § 1983 purposes."); *Johnson v. Andalusia Police Dept.*, 633 F. Supp. 2d 1289, 1301 (M.D. Ala. 2009) (finding that Plaintiff's "claims against the Andalusia Police Department must fail because police departments are generally not considered legal entities subject to suit").

**B.    False Arrest**

Insofar as the complaints present a false arrest claim, this claim is subject to dismissal as malicious because it is pending before the court in a previous civil action filed by McDougald in the Middle District of Alabama—that is, *McDougald v. Reed, et al.*, Civil Action No. 1:17-cv-67-MHT-GMB.  A claim raised in a complaint permitted to proceed *in forma pauperis* which merely "repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915[e](2)(B)(i) [as] malicious." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (citations omitted) (holding the district court did not abuse its discretion in dismissing an action as duplicative of prior litigation containing the same claims but against different defendants); *see Bagby v. Karriker*, 555 F. App'x 405, 406 (5th Cir. 2014) (unpublished) (affirming the dismissal of the complaint as malicious because it

presented claims duplicative of a prior action arising from the same series of events); *Perry v. Culliver*, 2012 WL 1994917, at *2 (S.D. Ala.) (dismissing a duplicative action as malicious when the same allegations were made but against different defendants), *adopted*, 2012 WL 1994914 (S.D. Ala. 2012); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). "A litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

In determining whether dismissal is warranted, there is no specific test to follow. Rather, courts are "vested with especially broad discretion." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Courts generally look to the identity of the parties, the legal and factual claims, and the relief sought to determine if the complaint is repetitive or malicious. *See Bailey*, 846 F.2d at 1021. The complaint filed in this case relies on the same incident as a complaint previously filed by McDougald with this court. The court has considered the potential challenge to McDougald's arrest and finds this complaint is repetitive with regard to this claim as presented in *McDougald v. Reed*.

Here, McDougald files two new causes of action regarding his arrest on July 31, 2016, both of which present identical claims to the earlier cause of action filed with this court. He also files this action against one of the same defendants named in his earlier complaint. Because any challenge to this arrest arises out of the same incident or repeats the same factual allegations asserted by McDougald in an earlier civil case, it is

4

subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as duplicative and malicious. *See Bailey*, 846 F.2d at 1021; *see generally Curtis v. Citibank, N.A*, 226 F.3d 133, 138 (2d Cir. 2000) ("[A]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

**C.     *Miranda*[3] Rights**

To the extent McDougald challenges the timing of the recitation of his *Miranda* rights, this claim provides no basis for relief as "a claim for a *Miranda* violation is not cognizable under § 1983." *Dollar v. Coweta Cnty. Sheriff's Office*, 446 F. App'x 248, 251–52 (11th Cir. 2011) (citing *Jones v. Cannon*, 174 F.3d 1271, 1290–91 (11th Cir. 1999)); *Wright v. Dodd*, 438 F. App'x 805, 807 (11th Cir. 2011) (same).  Consequently, any claim alleging a *Miranda* violation is due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

**D.     *Younger* Abstention**

McDougald asserts that state authorities have held him on a criminal charge since July 31, 2016 without a trial.  The court construes this assertion as a speedy trial claim.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals which could enjoin or hinder a criminal prosecution against them in state court.   The Court in *Younger* "recognized a limited exception to a federal court's virtually unflagging obligation to exercise its jurisdiction when extraordinary circumstances counsel abstention in favor of

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

pending state proceedings." *Seminole Tribe of Fla. v. Stranburg*, 799 F.3d, 1324, 1344 n.15 (11th Cir. 2015) (internal quotation marks and citation omitted).  The circumstances warranting *Younger* abstention "are exceptional" and "include . . . state criminal prosecutions[.]" *Sprint Comms. Inc. v. Jacobs*, 571 U.S. 69 (2013) (internal quotation marks omitted).   "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger*, 401 U.S. at 37). "*Younger* and its progeny reflect the longstanding national public policy, based upon principles of comity and federalism, of allowing state courts to try cases—already pending in state court—free from federal court interference." *Butler v. Ala. Jud. Inquiry Comm'n*, 245 F.3d 1257, 1261 (11th Cir. 2001).  *Younger* therefore directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. *Younger*, 401 U.S. at 43–45.  "In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings.   The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted).  Abstention is required when state criminal judicial proceedings are pending, the proceedings implicate important state interests, and the state proceedings provide an

adequate opportunity to raise constitutional challenges. *Middlesex Cnty. Ethics Comm'n v. Garden St. Bar Assoc.*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

The requisite elements for *Younger* abstention are present in this case. First, McDougald is confined on a criminal charge lodged against him related to his actions at the Wal-Mart store on July 31, 2016, and he is awaiting action by the state court on this charge. Secondly, it is without dispute that the enforcement of criminal laws is an important state interest. Finally, McDougald may raise his claim challenging the delay in bringing him to trial in the pending state court proceedings by filing a motion for speedy trial with the trial court and—if unsuccessful on this motion—he may seek relief from any orders issued by the trial court regarding scheduling a trial date by filing a petition for writ of mandamus with the Alabama Court of Criminal Appeals. *See Ex parte Anderson*, 979 So. 2d 777 (Ala. 2007). Since McDougald is represented by counsel in the state proceedings, counsel should file the mandamus petition with the appellate court. *Id*. If he fails to obtain relief before the Alabama Court of Criminal Appeals on his speedy trial claim, McDougald may seek mandamus relief before the Alabama Supreme Court.

This case therefore fits within *Younger*'s purview. Even so, the *Younger* doctrine is not absolute, and exceptions to abstention include cases in which (1) irreparable injury as a result of the prosecution is both "great and immediate"; (2) the state law at issue flagrantly and patently violates the federal constitution; (3) there is a showing that the

state proceedings are motivated by bad faith or harassment; or (4) other exceptional circumstances exist that require equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972).

In the present cases, McDougald has failed to allege any facts warranting application of the exceptions to *Younger* abstention. The claim alleging undue delay in setting his case for trial does not assert the type of bad faith or harassment that would justify the relief he seeks from this court—a declaration that the state court has violated his Sixth Amendment right to a speedy trial and the dismissal of his pending state criminal case. Additionally, the mere fact that McDougald must defend himself in state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term."). Consequently, insofar as McDougald seeks injunctive or declaratory relief via § 1983, the complaints are due to be dismissed because equity, comity, and federalism concerns require the court to abstain from considering these claims.[4]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Dothan Police Department be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

---

[4] Once McDougald properly exhausts his claims in the state courts, he may then seek federal habeas relief in this court.

2.      The plaintiff's false arrest claim be DISMISSED without prejudice as malicious in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) since this claim is currently pending before the court in a separate civil action.

3.      The plaintiff's *Miranda* claim be DISMISSED with prejudice as directed by 28 U.S.C. § 1915(e)(2)(B)(i).

4.      The plaintiff's speedy trial claim addressing his pending criminal proceedings before the Circuit Court of Houston County, Alabama be DISMISSED without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claim is barred by the *Younger* abstention doctrine.

5.      The above-styled civil actions be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The plaintiff may file objections to the instant Recommendation on or before **November 16, 2018**. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made.   Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation.   The failure to file written objections will also waive the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 2nd day of November, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE